IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 16-cv-01063-WYD-MEH

YAHANNA MASIMER,

Plaintiff,

v.

BORENSTEIN & ASSOCIATES, LLC,

Defendant.

---

**ORDER**

---

I. INTRODUCTION

THIS MATTER comes before the Court on Defendant's Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) on June 28, 2016. Defendant seeks to dismiss Plaintiff's complaint alleging violations of the Fair Debt Collection Practices Act ["FDCPA"], 15 U.S.C. § 16952, *et seq*. Defendant argues that Plaintiff lacks standing to pursue her claims, as the allegations do not establish that Plaintiff suffered an injury-in-fact. Defendant also argues that even if Plaintiff can establish an injury-in-fact, the telephone calls at issue in the case do not amount to communications under the FDCPA. For the reasons stated below, I grant Defendant's Motion to Dismiss.

II. FACTUAL BACKGROUND

According to the Complaint, Plaintiff is a natural person allegedly obligated to pay a debt and a "consumer" as defined by 15 U.S.C. § 1692a(3). (Compl., ECF No. 1, ¶¶ 5, 8.) Defendant is alleged to be a "debt collector" as defined by 15 U.S.C. § 1692a(6),

who was at all relevant times engaged in the business of attempting to collect a “debt” from Plaintiff as defined by 15 U.S.C. § 1692a(5). (*Id*. ¶ 6.) In 2006, Plaintiff entered into a subprime loan with her then-boyfriend. (*Id*. ¶ 11.) Plaintiff left the relationship in 2010, purportedly because it was abusive, and alleges she was unable to keep making payments on the mortgage. (*Id*. ¶ 13.) In 2015, suit was filed by Defendant in state court to collect the debt. (*Id.* ¶ 14.) Plaintiff eventually filed for bankruptcy in the State of Oregon. *In re Masimer*, No. 16-32156-tmb7 (Bankr. D. Or. filed June 1, 2016). This lawsuit was filed by Plaintiff in May 2016.

The Complaint alleges that on two occasions a representative from Borenstein & Associates, LLC contacted Plaintiff by telephone. Plaintiff resides in Oregon and the calls were placed from Defendant’s office in Colorado. Plaintiff contends that Defendant violated the FDCPA by (1) contacting her at a time which was known or should have been known to be inconvenient under 15 U.S.C. § 1692c(a)(1); (2) contacting her without meaningful disclosure of the caller’s identity under 15 U.S.C. § 1692d(6); and (3) contacting her without disclosing the communication was from a debt collector under 15 U.S.C. § 1692e(11). (Compl., ¶¶ 23, 25, and 27.)

The first call allegedly occurred on December 21, 2015, at 7:53 a.m. in which the following voice mail message was left for Plaintiff:

> Good morning Ms. Masimer, this is Sherri (sic) with Borenstein & Associates. I need to speak to you with regards to setting a pretrial conference. Please give me a call back at 303-468-5794. I do need to hear from you as soon as possible so that we can get this done. Thank you so much. Bye.

(Compl., ¶ 18.)

The second phone call allegedly occurred on February 4, 2016, at 7:29 a.m. and the following voice mail message was left for Plaintiff:

> "Good morning, this message is for Yahanna Masimer. This is Sherri (sic), I'm with Borenstein and Associates. I need to clear a setting time and date with you. Please give me a call back at 303-468-5794. Again, this is Sherri (sic) with Borenstein & Associates. Thank you."

(Compl., ¶ 20.)

Plaintiff alleges that Defendant's communications prior to 8:00 A.M. were made at a time presumed to be inconvenient in violation of § 1692c(a)(1). (Compl., ¶ 17, 23.) Further, she asserts that both of Defendant's voice messages failed to meaningfully disclose Defendant's identity and that the "communication is from a debt collector" as required by 15 U.S.C. §§ 1692d(6), 1692e(11). (*Id.* ¶¶ 18-21, 25, 27.)

## III. ANALYSIS

### 1. Standard of Review

In reviewing a motion filed under that Rule 12(b)(6), the court must "accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Jordan-Arapahoe, LLP v. Bd. of County Comm'rs of County of Arapahoe*, 633 F.3d 1022, 1025 (10th Cir. 2011). To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege that 'enough factual matter, taken as true, [makes] his claim for relief ... plausible on its face.'" *Id*. (quotation and internal quotation marks omitted). "A claim has facial plausibility when the [pleaded] factual content [ ] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940 (2009)).

A plaintiff "must include enough facts to 'nudge[] his claims across the line from conceivable to plausible.'" *Dennis v. Watco Cos., Inc.*, 631 F.3d 1303, 1305 (10th Cir. 2011) (quotation omitted). Conclusory allegations are not sufficient to survive a motion to dismiss. *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).

2. <u>The Merits of the Motion</u>

I first address Defendant's argument that Plaintiff's claims fail because the calls were not communications in connection with the collection of a debt, as required under the FDCPA. *See* 15 U.S.C. §§ 1692e, 1692d. Defendant relies on the "animating purpose" test adopted by the Sixth, Seventh, and Eighth Circuit Courts of Appeal. *See McIvor v. Credit Control Services, Inc.,* 773 F.3d 909, 914 (8th Cir. 2014)*; Grden v. Leikin Ingber & Winters, PC,* 643 F.3d 169, 173 (6th Cir. 2011)*; Gburek v. Litton Loan Servicing LP,* 614 F.3d 380, 385 (7th Cir. 2010). Under this test "an animating purpose of the communication must be to induce payment by the debtor" in order to amount to a communication in connection with the collection of a debt. *See Grden*, 643 F.3d at 173.

I agree that under the animating purpose test the communications would not fall within the purview of the FDCPA. I find that a call regarding a ministerial matter regarding the setting of hearings in a civil action cannot be deemed a call to induce payment by the debtor, even though that action involved collection of a debt. Contacting an opposing party, in this case the Plaintiff, who was proceeding pro se in the state court action, is part of the legal process. Parties are expected to follow orders of court, which include obtaining mutually agreeable dates for court proceedings. Finding that such calls constitute communications in connection with the collection of a

debt under the FDCPA would undermine the legal process, and make it difficult or impossible for a debt collector to contact a pro se plaintiff in regard to scheduling.

Plaintiff correctly notes, however, that the animating purpose test has not been adopted in the Tenth Circuit. Nonetheless, the Tenth Circuit found *Gburek*, the Seventh Circuit's case that adopted the animating purpose test, to be instructive. *Maynard v. Cannon*, 401 F. App'x 389, 395 (10th Cir. 2010). Relying on *Gburek,* the *Maynard* court focused on whether "the true purpose of the [communication] was to collect the debt – whether through settlement or otherwise – by placing pressure on the consumer." *Id*. While many communications made by a debt collector regarding litigation would arguably meet that definition, as "the FDCPA 'applies to the litigating activities of lawyers'", *see James v. Wadas*, 724 F.3d 1312, 1316 (10th Cir. 2013) (quotation omitted), I find that a call made to a pro se party solely to coordinate a hearing date would not meet that definition. The true purpose of the communication in that instance was not to collect the debt or to pressure the plaintiff into paying the debt, but to obtain a mutually convenient hearing date. *See also Davis v. Midland Credit Mgmt., Inc.*, No. 16-2111-JAR-JPO, 2016 WL 7117185, at *4 (D. Kan. Dec. 7, 2016) (in determining whether a communication was made in connection with the collection of a debt the courts should consider "the purpose and context of the communication").

The calls also did not (a) involve a demand for payment, (b) state a balance due, (c) state that they were an attempt to collect a debt, or (d) threaten consequences if Plaintiff did not call back (or pay the debt). *See Davis*, 2016 WL 7117185, at *4 (stating these are also relevant factors to be considered). Nor has it been alleged that the calls

were part of a strategy to make payment more likely or to induce the debtor to settle her debt. *Id*.

Based on the foregoing, I find that the calls were not communications within the meaning of the FDCPA, and that the motion to dismiss should be granted on this basis. I also agree with Defendant's argument that the §§ 1692d(6) and 1692e(11) claims fail because Defendant made sufficient meaningful disclosure.

In that regard, 15 U.S.C. § 1692d(6) prohibits, "[e]xcept as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity". 15 U.S.C. § 1692e(11) makes it a violation of the FDCPA if the debt collector fails "to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action."

Here, the Complaint makes clear that Plaintiff was told the caller was from Borenstein & Associates. Given the state court litigation pending between Plaintiff and Defendant at that time, there can be no doubt Plaintiff knew who placed the calls to her, including the fact that Borenstein & Associates was a debt collector. Plaintiff does not dispute this.

Plaintiff argues, however, that courts addressing violations of § 1692d(6) have uniformly held that it requires a debt collector to disclose the caller's name, the debt collection company's name, *and the nature of the debt collector's business*. *See Torres v. ProCollect, Inc.*, 865 F. Supp. 2d 1103, 1106 (D. Colo. 2012) (quoting *Baker v. Allstate Fin. Servs., Inc.,* 554 F. Supp. 2d 945, 949 (D. Minn. 2008) (collecting cases)). Here, however, I find that the nature of the business was disclosed in sufficient detail. Borenstein & Associates identified that it was trying to obtain dates for a pretrial conference in the state court litigation. Plaintiff could not have been misled by these communications. *See Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1112 (C.D. Cal. 2005) (meaningful disclosure requirement satisfied if debt collector states his or her name and capacity and discloses enough information so as to not mislead the recipient as to the purpose of the call). Indeed, courts have held that a debt collector's name alone may be sufficient to satisfy the requirements of § 1692e(11) after the consumer has previously been mailed a disclosure such that the consumer would be likely to recognize the caller as a debt collector. *Id.; Costa v. Nat'l Action Fin. Services,* 634 F. Supp. 2d 1069, 1076-77 (E.D. Cal. 2007) (noting that the policy underlying the disclosure requirements is not well served in instances in which a plaintiff knows the call is from a debt collector); *Hen v. Parma,* No. 13 Civ. 0624(ILG)(RML), 2013 WL 2249245, at *2 (E.D.N.Y. May 22, 2013).

As I find that dismissal is appropriate on the above bases, I need not address Defendant's additional argument that Plaintiff lacks standing to pursue her claims.

## IV. CONCLUSION

In conclusion, I find that Plaintiff's claims fail because the calls were not communications in connection with the collection of a debt, as required under the FDCPA. I also find that Plaintiff's §§ 1692d(6) and 1692e(11) claims fail because Defendant made sufficient meaningful disclosure. Accordingly, it is

ORDERED that Defendant's Motion to Dismiss (ECF No. 14) is **GRANTED**, and this case is **DISMISSED**.

Dated: March 14, 2017

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge